IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.W., a minor by parent and natural guardian NICHOLAS WISER; and NICHOLAS WISER, in his own right,<br><br>Plaintiff,<br><br>v.<br><br>THE ELLIS SCHOOL,<br><br>Defendant. | No. 2:17-cv-01189-CB<br><br>CIVIL ACTION - LAW |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, The Ellis School ("Defendant"), by and through its attorneys, Tucker Arensberg, P.C., respectfully submits its Answer and Affirmative Defenses to Complaint in the above-captioned matter and in support thereof sets forth the following:

The unnumbered paragraph on page 1 of the Complaint contains both factual allegations and legal conclusions. The former are specifically denied and the latter require no response.

## PARTIES

1. Admitted in part and denied in part. It is admitted only that plaintiff Nicholas Wiser ("Wiser") is the father of K.W., a minor who attended Defendant for fifth grade during the 2016-17 school year. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to whether Wiser is a resident of Brentwood, Pennsylvania and therefore denies the same. The remainder of the allegations in Paragraph 1 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

1

2. Admitted.

## JURISDICTION AND VENUE

3. Denied. The allegations in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

4. Denied. The allegations in Paragraph 4 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## FACTUAL ALLEGATIONS

5. Admitted in part and denied in part. It is admitted only that Wiser is the father of K.W. and that K.W. attended Defendant for the fifth grade. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to whether K.W. has been diagnosed with an anxiety disorder and ADHD and therefore denies the same. The remainder of the allegations in Paragraph 5 are denied.

6. Admitted in part and denied in part. It is admitted only that Wiser provided Defendant with an "evaluation report" on or about July 7, 2016. The evaluation report is a written document that speaks for itself, and no further response is required. To the extent that a response is required, said allegations are denied.

7. Denied. The allegations in Paragraph 7 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

8. Admitted in part and denied in part. It is admitted only that Wiser provided Defendant with a letter from K.W.'s social worker on or about March 7, 2017. The letter

is a written document that speaks for itself, and no further response is required. To the extent that a response is required, said allegations are denied.

9. Denied. The allegations in Paragraph 9 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

10. Admitted.

11. Admitted in part and denied in part. It is admitted only that K.W. gave a speech to her classmates. Wiser's characterization of the content of K.W.'s speech is denied.

12. Denied.

13. Admitted.

14. Admitted in part and denied in part. It is admitted only that K.W. distributed a survey to her classmates. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to whether K.W. distributed the survey "as part of her preparation for the upcoming year" and therefore denies the same. The survey is a written document that speaks for itself, and no further response is required. To the extent that a response is required, said allegations are denied.

15. Denied.

16. Denied.

17. Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to whether "K.W.'s treatment by Defendant's staff caused her emotional stress and to 'feel like trash'" or precisely what

"medical documentation" Plaintiffs are referring to in Paragraph 17 and therefore Defendant denies the same. In addition, any such "medical documentation" are written documents that speak for themselves, and no further response is required. To the extent that a response is required, said allegations are denied.

18. Admitted.

19. Admitted.

20. Admitted in part and denied in part. It is admitted only that Michelle Rust, the Head of the Middle School, sent an e-mail to Wiser on June 1, 2017. Ms. Rust's e-mail is a written document that speaks for itself, and no further response is required. To the extent that a response is required, said allegations are denied.

21. Admitted in part and denied in part. It is admitted only that Wiser sent an e-mail in response to the e-mail sent by Michelle Rust on June 1, 2017 and that Wiser sent this e-mail to the other parents and guardians of students in the fifth grade. Wiser's e-mail is a written document that speaks for itself, and no further response is required. To the extent that a response is required, said allegations are denied.

22. Denied. It is unknown what Plaintiffs mean by the phrase "numerous discussions and … numerous e-mails" and, therefore, denies the same. The remainder of the allegations in Paragraph 22 contain conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

23. Admitted in part and denied in part. It is admitted only that Ellis provided Wiser a letter on or about June 29, 2017. The letter is a written document that speaks for itself, and no further response is required. To the extent that a response is required, said allegations are denied.

24. Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

25. Admitted in part and denied in part. It is admitted only that K.W. did not return to Defendant for the 2017-18 school year. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to whether Wiser filed an application for admission to St. Edmund's Academy and whether such application included a non-refundable fee of $50 and therefore denies the same.

26. Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

## COUNT I: RETALIATION UNDER THE ADA

27. Defendant incorporates Paragraphs 1 through 26 of its Answer as if set forth at length herein.

28. Denied. The allegations in Paragraph 28 contain conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

29. Denied. The allegations in Paragraph 29 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

30. Denied. The allegations in Paragraph 30 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

31. Denied. The allegations in Paragraph 31 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied. In addition, the allegations in Paragraph 31 refer to written documents that speak for themselves, and no further response is required. To the extent that a response is required, said allegations are denied.

32. Denied. The allegations in Paragraph 32 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

33. Denied. The allegations in Paragraph 33 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

34. Denied. The allegations in Paragraph 34 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## **COUNT II: RETALIATION UNDER SECTION 504**

35. Defendant incorporates Paragraphs 1 through 34 of its Answer as if set forth at length herein.

36. Denied. The allegations in Paragraph 36 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

37. Denied. The allegations in Paragraph 37 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

38. Denied. The allegations in Paragraph 38 contains conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

39. Denied. The allegations in Paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied. In addition, the allegations in Paragraph 39 refer to written documents that speak for themselves, and no further response is required. To the extent that a response is required, said allegations are denied.

40. Denied. The allegations in Paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

41. Denied. The allegations in Paragraph 41 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

42. Denied.

43. Denied. The allegations in Paragraph 43 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## COUNT III:  DISCRIMINATION UNDER THE ADA

44. Defendant incorporates Paragraphs 1 through 43 of its Answer as if set forth at length herein.

45. Denied. The allegations in Paragraph 45 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

46. Denied. The allegations in Paragraph 46 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

47. Denied. The allegations in Paragraph 47 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

48. Denied. The allegations in Paragraph 48 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

49. Denied. The allegations in Paragraph 49 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

50. Denied. The allegations in Paragraph 50 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

51. Denied. The allegations in Paragraph 51 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

52. Denied. The allegations in Paragraph 52 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

53. Denied. The allegations in Paragraph 53 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## COUNT IV: DENIAL OF FAPE UNDER SECTION 504

54. Defendant incorporates Paragraphs 1 through 53 of its Answer as if set forth at length herein.

55. Denied. The allegations in Paragraph 55 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

56. Denied. The allegations in Paragraph 56 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

57. Denied. The allegations in Paragraph 57 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

58. Denied. The allegations in Paragraph 58 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

59. Denied. The allegations in Paragraph 59 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

60. Denied. The allegations in Paragraph 60 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

61. Denied.

62. Denied. The allegations in Paragraph 62 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied. In addition, the allegations in Paragraph 62 refer to written documents that speak for themselves, and no further response is required. To the extent that a response is required, said allegations are denied.

63. Denied. The allegations in Paragraph 63 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

64. Denied. The allegations in Paragraph 64 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## **COUNT V:  BREACH OF CONTRACT**

65. Defendant incorporates Paragraphs 1 through 64 of its Answer as if set forth as length herein.

66. Denied. The allegations in Paragraph 66 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

67. Denied. The allegations in Paragraph 67 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

68. Denied. The allegations in Paragraph 68 contains conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

69. Denied. The allegations in Paragraph 69 contains conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

70. Denied. The allegations in Paragraph 70 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

71. Denied. The allegations in Paragraph 71 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

72. Denied.

73. Denied. The allegations in Paragraph 73 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

74. Denied. The allegations in Paragraph 74 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

75. Admitted in part and denied in part. It is admitted only that Defendant's program provides a high level of education and prestige. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to what Wiser means by "the Pittsburgh area" and "the value of an education with Defendant goes beyond the actual costs" and therefore denies the allegations that contain those phrases. The remainder of the allegations in Paragraph 75 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

76. Denied. The allegations in Paragraph 76 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

77. Denied. The allegations in Paragraph 77 contain conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

Defendant denies that Plaintiffs' demands for judgment in the "Wherefore" clause, including all of the subparts, are appropriate or permissible.

## **GENERAL DENIAL**

Any allegation in the Complaint not heretofore specifically admitted or denied in hereby denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following affirmative defenses to the Complaint:

### FIRST DEFENSE

Defendant's actions or inactions were based on lawful reasons and therefore were not in violation of the Americans with Disabilities Act ("ADA"), as amended, or Section 504 of the Rehabilitation Act ("Rehabilitation Act"), as amended, nor did Defendant's actions or inactions constitute a breach of contract.

### SECOND DEFENSE

Plaintiffs' claims are barred to the extent that they failed to satisfy administrative prerequisites, if any, and/or exhaust any required administrative remedies prior to bringing this civil action.

### THIRD DEFENSE

Defendant is not liable under the ADA or the Rehabilitation Act because Plaintiffs did not engage in protected activity as defined by those laws.

### FOURTH DEFENSE

Defendant is not liable under the ADA or the Rehabilitation Act because, even if Plaintiffs did engage in protected activity as defined by those laws, there is no causal connection between such protected activity and any alleged adverse action by Defendant.

### FIFTH DEFENSE

Defendant is not liable under the Rehabilitation Act because it does not receive any funding or financial assistance from the federal government.

### SIXTH DEFENSE

Defendant is not liable under the ADA, the Rehabilitation Act, or any other federal or state law because any action or inaction by Defendant was based upon legitimate, non-discriminatory reasons and/or because Defendant would have taken the same action or inaction even in the absence of the alleged impermissible motivating factor.

### SEVENTH DEFENSE

Subject to reasonable opportunity for investigation and discovery, Plaintiffs' claims are limited or barred by the doctrines of unclean hands, laches, estoppel, waiver, release, and/or other equitable defenses.

### EIGHTH DEFENSE

Plaintiffs did not suffer any damages for which they are entitled to relief.

### NINTH DEFENSE

Wiser is not entitled to recover punitive damages or compensatory damages under his ADA retaliation claim.  (See Memorandum Order dated November 13, 2018 (ECF No. 22)).

### TENTH DEFENSE

Plaintiffs are not entitled to recover punitive damages under the Rehabilitation Act.  (See Memorandum Order dated November 13, 2018 (ECF No. 22)).

### ELEVENTH DEFENSE

Plaintiffs are not entitled to recover monetary damages under Title III of the ADA. (See Memorandum Order dated November 13, 2018 (ECF No. 22)).

**TWELFTH DEFENSE**

In the event that Plaintiffs are found to be entitled to any monetary damages, such damages must be reduced because Plaintiffs failed to mitigate their damages.

**THIRTEENTH DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**FOURTEENTH DEFENSE**

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

**FIFTEENTH DEFENSE**

Wiser is not entitled to punitive damages under his breach of contract claim.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by all applicable statutes of limitation governing the claims pleaded in the Complaint.

TUCKER ARENSBERG, P.C.

By: */s/ Katherine Koop Irwin*
Albert S. Lee, Esquire
Pa. I.D. #64201
Katherine Koop Irwin, Esquire
Pa. I.D. #206432

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Counsel for Defendant,
The Ellis School